jh)

ORIGINAL

PAUL MAKI      #1159
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Tel. No. (808) 545-1122
Fax      (808) 545-1711
E-mail: pmaki@makilaw.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 6 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIM TAYLOR REECE, ) | Civil No. 06-00489 JMS/BMK |
| ) | |
| ) | |
| ) | FIRST AMENDED COMPLAINT, |
| Plaintiff, ) | DEMAND FOR JURY TRIAL, |
| ) | EXHIBITS "A", "B" and "C"; |
| ) | SUMMONS; CERTIFICATE OF |
| vs. ) | SERVICE |
| ) | |
| ISLAND TREASURES ART ) | |
| GALLERY, INC., GAIL ALLEN, ) | |
| and MARYLEE LEIALOHA ) | |
| COLLUCCI ) | |
| ) | |
| Defendants. ) | |

FIRST AMENDED COMPLAINT

Plaintiff KIM TAYLOR REECE, as and for his first amended

complaint against the defendants ISLAND TREASURES ART GALLERY,

INC., GAIL ALLEN and MARYLEE LEIALOHA COLLUCCI,  hereby

alleges:

1.     This action arises under the Copyright Act, codified at 17 U.S.C. Section 101 *et seq.*

2.     Jurisdiction.   This Court has jurisdiction   pursuant to 28 U.S.C. Section 1338.

3.     Venue.  Venue is proper in this judicial district in that the defendants committed, and continue to commit, statutory torts in the district, or, alternatively, because the defendants engage in business activity in the district.

4.     The plaintiff and defendants GAIL ALLEN and MARYLEE LEIALOHA COLLUCCI are United States citizens whose residences and principal places of business are in the City and County of Honolulu, State of Hawaii.

5.     Defendant ISLAND TREASURES ART GALLERY, INC.  is a corporation organized and existing under the laws of the State of Hawaii and has its principal office and place of doing business in the City and County of Honolulu.

<u>Factual Allegations</u>

6.     Plaintiff is a well known and award winning fine art photographer in the State of Hawaii.  Plaintiff's works are distinctive and

well recognized in Hawaii and throughout the United States.  Plaintiff's business is the creation and distribution for sale of original, distinctive photographs and books, cards, posters, and other items bearing such photographs.  Plaintiff's works are distributed and sold widely in Hawaii and various other parts of the United States, as well as in other parts of the world.

7.   In 1988, plaintiff created an original and distinctive photograph, a true and accurate copy of which is attached hereto as Exhibit A.   This photograph, identified as  "Makanani", has been published and sold by plaintiff and by others with plaintiff's authority, in numerous formats, including on posters and greeting cards.   This photograph is one of the most famous and widely known of plaintiff's photographs.

8.   This photograph, when published by plaintiff or with his authority, has been, with limited exceptions where such notice is excused and/or not required, published with notice of copyright.  This photograph has been registered with the Copyright Office.  A true and accurate copy of the Certificate of Registration is attached hereto as Exhibit B.

9.   This photograph is protected, and continues to be protected,

3

by federal copyright law.

10.   In perspective, orientation, positioning, turning and other detail, this photograph is entirely original, distinctive and unique.  As such, the photograph is subject matter protectible under the Copyright Act.

11.   Plaintiff is the sole owner of all right, title and interest in this photograph.   Plaintiff never authorized the copying or use of the photograph by or for the defendants

12.   Defendants ISLAND TREASURES ART GALLERY, INC. and GAIL ALLEN operate  retail facilities in the State of Hawaii.  At one such retail facility, located in Kailua, Island of Oahu, defendants ISLAND TREASURES ART GALLERY, INC. and GAIL ALLEN have displayed and offered for sale a stained glass work, a photograph of which is attached hereto as Exhibit C, bearing an image which is identical to or substantially identical to plaintiff's copyrighted Makanani image.

13.   Defendant GAIL ALLEN is the president and director of defendant ISLAND TREASURES ART GALLERY, INC.  and  has right and ability to, and if fact does, supervise the infringing activity and has direct financial interest in such activities.

4

14.    Defendant MARYLEE LEIALOHA COLLUCCI created or claims to have created the stained glass work referenced in paragraph 12 above.

15.    Plaintiff attempted unsuccessfully to resolve the matter through negotiations with defendants.   As a result of that effort, defendant GAIL ALLEN advised that the infringing image had been removed from their store and would no longer be displayed or offered for sale.

16.    Following the advice from defendant GAIL ALLEN as described in the immediately preceding paragraph, the infringing work was apparently removed from display and no longer offered for sale.  On September 4, 2006, however, plaintiff discovered that the defendants were once again displaying the infringing work and trying to sell it.

<u>Claim for Copyright Infringement</u>

17.    The allegations in paragraphs 1 through 16 above are realleged and incorporated in this claim.

18.    Plaintiff owns the copyright in the "Makanani" photograph shown on Exhibit A.

19.    The stained glass work referenced in paragraph 12 above,

Exhibit C, contains an unauthorized copy of the plaintiff's original work, and as such is an unlawful infringement of plaintiff's copyright in violation of the Copyright Act.

20.    The infringing image is at least substantially similar to the original photograph, and in fact is virtually identical to the original.

21.    The copyright infringement is egregious and willful, in view of the notice provided to defendants, and the continued display and offer for sale of the work thereafter by defendants.

22.    Plaintiff has been damaged monetarily and defendants have profited by the infringement.

23.    Section 504(a) of the Copyright Act provides that an infringer of a copyright is liable to the copyright owner for the copyright owner's actual damages and the profits of the infringer.

24.    Section 502 of the Copyright Act provides that a court may grant "temporary and final injunctions" on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

25.    Section 503(b) of the Copyright Act provides that the court may order the impounding and destruction of all infringing copies "and all plates, molds, matrices, masters, tapes, file negatives, or other articles

6

by means of which such copies...may be reproduced."

26.   Plaintiff is entitled to an order enjoining defendants, both preliminarily and permanently, from any and all further use of copies of plaintiff's Makanani image and impounding and ordering the destruction of all infringing copies "and all plates, molds, matrices, masters, tapes, file negatives, or other articles by means of which such copies...may be reproduced", and an award of plaintiff's damages and defendants' profits or, at plaintiff's election, statutory damages.

WHEREFORE plaintiff prays that judgment be entered in his favor and against the defendants as follows:

A.   The defendants, and their officers, directors, agents, servants, and employees, and all other persons in active concert with them who receive actual notice, be enjoined, by preliminary and permanent injunction, from any further manufacture, distribution, sale, use or display, in any manner whatsoever, of any materials containing the disputed image in Exhibit C, and all other images substantially similar to plaintiff's "Makanani" photograph, Exhibit A.

B.   That the Court enter an order first impounding and subsequently the destruction of all materials in defendants' possession

or control that infringe upon plaintiff's copyrighted photograph as shown on Exhibit A, together with all plates, matrices, intermediates, film negatives or other articles by means of which such copies may be reproduced.

C.     An award of plaintiff's damages and the profits of the defendants related to the use of the infringing copies, or, at plaintiff's option, statutory damages.

D.     Prejudgment interest on the defendants' profits.

E.     Such other relief as the Court deems just in the circumstances.

DATED:  Honolulu, Hawaii, February 5, 2007.

PAUL MAKI
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

KIM TAYLOR REECE, plaintiff herein, hereby requests a jury trial.

DATED:  Honolulu, Hawaii, February 5, 2007.

PAUL MAKI
Attorney for Plaintiff