PAUL MAKI        #1159
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Tel. No. (808) 545-1122
Fax       (808) 545-1711
E-mail: pmaki@makilaw.com

Mark D. Bernstein       #2642
63 Merchant Street
Honolulu, HI 96813
Tel. No.    (808) 537-3327
Fax No.     (808) 538-7049
E-mail: markdb@hawaii.rr.com

Attorneys for Plaintiff Kanoe Reece and
Counterclaim Defendant Kim Taylor Reece

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KANOE REECE, | Civil No. 06-00489 JMS/BMK |
| Plaintiff, | PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MEMORANDUM REGARDING SETTLEMENT TERMS; DECLARATION OF PAUL MAKI; EXHIBITS "A" - "D"; CERTIFICATE OF SERVICE |
| vs. | |
| ISLAND TREASURES ART GALLERY, INC., GAIL ALLEN, and MARYLEE LEIALOHA COLUCCI, | |
| Defendants, | |
| vs. | Hearing: |
| KIM TAYLOR REECE, | Date: December 3, 2007<br>Time: 9:00 a.m.<br>Judge: Barry M. Kurren |
| Counterclaim Defendant. | |

## PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MEMORANDUM REGARDING SETTLEMENT TERMS

On October 26, 2007, the parties hereto agreed upon a full settlement of this case. The terms of that agreement were put on the record, with counsel for all parties and the parties themselves, being present. A copy of the transcript is attached as Exhibit A. That agreement set forth all of the essential terms and is a binding and enforceable agreement.

After the terms of the settlement were stated on the record, counsel and the parties agreed to those terms on the record and it was agreed that the settlement would be formally documented with the usual and standard terms for a settlement of this type.

On October 31, 2007, counsel for the Reeces, the plaintiff and counterclaim defendant, submitted proposed settlement documents to defendants' counsel. With the proposed settlement documents for this case, defendants' counsel were also provided with the final, Judge Seabright approved and filed settlement documents in another case from earlier this year, James v. American Pacific University, et al., Civil No. 05-00746 JMS/BMK. (The James settlement documents are at Exhibit B, pp. 12-24.)

The settlement documents from the James case were sent to defendants to demonstrate that settlement documents proposed for this case

2

were in the usual and standard format.  Furthermore, the James settlement documents had been approved by William G. Meyer III, an attorney who, unlike defendants' counsel, has considerable experience in this area of the law.

On November 15th, defendants submitted their proposed drafts of the settlement documents which substantially and materially varied from the terms of the settlement that the parties had put on the record.  After ordering and obtaining a copy of the October 26th transcript, Reeces' counsel made some minor revisions in the initial drafts of the settlement documents and submitted those revised drafts to defendants' counsel on November 21st.

The November 21st versions of Reeces' proposed settlement documents, which are entirely consistent with the agreed upon settlement terms and should be the final settlement documents, ready to be executed by the parties and submitted to Judge Seabright for approval, are attached hereto as Exhibit C.

On November 27th, defendants delivered their revised drafts of the settlement documents (Exhibit D attached hereto.)  Defendants' proposed documentation remains inconsistent with the agreed upon settlement terms and is unacceptable to the Reeces.

The following table outlines the settlement terms agreed upon by the parties on October 26th and how the respective drafts of the parties deal with the issues.  NOTE: Blank spaces in a column reflect that the referenced document does not deal with the issue.

| Term | Record (Ex. A) | P's Draft (Ex. C) | Ds' Draft (Ex. D) |
|---|---|---|---|
| 1.  Settlement fully disposes of all claims | √ | √ at p. 11, ¶ 11 | √ at p. 13, ¶ 14 |
| 2. Defendants recognize and acknowledge plaintiff's ownership of *Makanani* and validity of the copyright of that work | √ | | |
| 3.  Defendants acknowledge plaintiff has asserted that defendants copied *Makanani* and infringed the copyright in that work, but do not have to acknowledge that they agree with that assertion | √ | √ at p. 9, ¶ 2 | |
| 4.  Stipulated permanent injunction against **all** defendants which prohibits defendants from copying or otherwise infringing upon *Makanani* or any other copyrighted work of Kanoe Reece or Kim Taylor Reece | √ | √ at p. 9, ¶ 5 | |
| 5.  Defendant Colucci's work will be removed from Island Treasures Art Gallery with Ms. Colucci to be given and to retain possession of it | √ | √ at p. 9, ¶ 4 | √ at p. 10, ¶ 7 |
| 6. Ms. Colucci may display her in her own home or other non-commercial display, but the work will not be used for any commercial purpose | √ | √ at p. 10, ¶ 5.C | |

|  |  |  |  |
|---|---|---|---|
| 7. Ms. Colucci may not sell or transfer ownership of her work except she may transfer it to her heirs upon her demise | √ | √ at p. 9, ¶ 5.B | √ at p. 11, ¶ 7.A |
| 8. Parties to make no public comments about the case inconsistent with the settlement | √ | √ at p. 4, ¶ 5; p. 9, ¶ 9 |  |
| 9. Defendants to pay plaintiff, within 30 days of October 26, 2007, the sum of $60,000 | √ | √ at p. 3, ¶ 3 | √ |
| 10. Settlement to be documented in the usual and standard terms | √ |  |  |
| 11. Lengthy recitals |  |  | √ at pp. 4-6 |
| 12. Parties shall make no public statements whatsoever regarding the controversy or settlement |  |  | √ at p. 7, ¶ 5; p. 12, ¶ 9 |
| 13. Plaintiff to waive rights against third parties |  |  | √ at p. 7, ¶ 6 |
| 14. Injunction applicable only to defendant Colucci, but not to other defendants |  |  | √ at pp. 10-11, ¶ 7 |
| 15. Although acknowledging that Ms. Colucci is permitted to display her work only in the privacy of her home or other non-commercial display, the examples of supposedly permitted display provided by defendants include (a) display by third parties, and (b) commercial display. |  |  | √ at pp. 11-12, ¶ 8 |
| 16. Injunction against Kim Taylor Reece |  |  | √ at p. 12, ¶ 9 |

The additional terms that defendants propose to include, as reflected in paragraphs 11 through 16 of the above table, are substantial and material changes to the settlement that the parties agreed to on October 26th and are not acceptable to the Reeces. The defendants seem to be of the view that, following the parties' placement of the settlement on the record, they are free to seek additional new terms and to modify terms already agreed upon. That, of course, is not the case. If such terms were important to the defendants, they should have so stated on October 26th, but they did not. Having failed to do so then, there is no basis for the defendants to now seek additional terms or to modify terms already agreed upon.

Apart from having no obligation to accept defendants' proposed changed and additional terms, Reeces object to such terms on the following grounds:

A.   Lengthy recitals:   Defendants' proposed recitals merely state their version of what has transpired which happens to be a version that the Reeces do not agree with. More fundamentally, however, such recitals serve no substantive purpose. As the Hawai`i Supreme Court has noted:

> The recital can hardly be ignored but it is not, strictly speaking, a part of the contract unless specifically adopted by reference.... It is the operative part of an agreement and not mere recitals therein which

6

> determines what the parties actually intended by entering into the agreement...The recital cannot be made the basis of a legal and binding obligation between the parties. Berg v. Berg, supra. It was not adopted by reference in the contract and consequently was not a part thereof.

In re Taxes, Aiea Dairy, Ltd., 46 Haw. 403, 380 P.2d 156, 163 (1963) (internal citations omitted.)

B. <u>No public statements</u>: The issue of a confidentiality provision was expressly discussed on October 26th, and it was agreed that there would be no such provision. *See* Exhibit A, p. 5.

C. <u>Plaintiff to waive rights against third parties</u>: There was no discussion on October 26th of the plaintiff having to waive any rights against any third parties. Defendants apparently are concerned that defendant Colucci's non-commercial display of her work will give rise to claims against third parties. That, however, is not the case. The settlement provides that defendant Colucci and defendant Colucci only has the right to display her work. If she permits someone else to display it, Ms. Colucci is violating the settlement terms.

D. <u>Injunction applicable only to defendant Colucci</u>: Defendants' proposed settlement documents provide for the entry of injunctive relief only against Ms. Colucci. This is contrary to the express language of the

settlement placed on the record on October 26th. Then, it was agree that the injunction shall provide that

> **the defendants** will not copy or otherwise infringe upon the – the *Makanani* work or any other copyrighted works...

Exhibit A, p. 5, lines 15-18; emphasis added.

    E.    <u>Third party/commercial display of Colucci's work</u>:

When the settlement was placed on the record, the parties agreed that:

> *Miss Colucci will be given possession of it. She may – **<u>she will</u>**, as long as she's alive, **<u>retain possession</u>** – **<u>will retain ownership and control of it.</u>** We – and **<u>she will use it for either private display in her own home, or some kind of non commercial display that the parties are going to work out trying to define specifically</u>**. It will not be sold, it will not be used for any commercial purpose.*
>
> *What I suggest we Judge, is if we are unable – we've – **<u>we've committed among counsel to try and work out that definition,</u>** and I suggested in the absence of – if we are unable to do so that let you decide what you decide what would be the appropriate definition the court okay would that be alright with you folks*
>
> *Miss Kalama: Yeah, yes.*
>
> *The Court: Sure okay good.*

Plaintiffs' settlement documents dealt with this issue as follows:

> Defendant Colucci and Defendant Colucci only, may display Defendant Colucci's work in the privacy of her own home and elsewhere for non commercial purposes only. The term

> "non commercial purposes" means that the display is for private use only and shall not directly or indirectly serve any business purpose.

Unfortunately, Defendants have not tried to define non-commercial display, nor have they accepted or even engaged in a dialog concerning the definition proposed by plaintiff for non-commercial use. Indeed they have violated their agreement to work together to arrive at a definition of "non commercial". Instead, the defendants have tried to define non-commercial with a non-sequitur.

What defendants want to do is define commercial by referring to the place where the display will occur. However, the site of the display is meaningless. The simplest demonstration of this would be a display in the defendant's home. If the display is in the defendant's dining room, and she's having dinner with friends then the display is non-commercial. If the display occurs in conjunction with an invitation to view the work for $150 per person, then the display is commercial.

Plaintiffs proposed definition is not only consistent with the agreement on the record, it permits the parties and the court to look at any potential violation in the correct context and in a manner consistent with the settlement. On the other hand, Defendants' approach will do nothing but create potential

controversies.

  F. <u>Injunction against Kim Taylor Reece</u>: Defendants' proposed documentation contains a provision enjoining Mr. Reece from making any disparaging or defamatory remarks regarding defendant Colucci's work or her as an artist.  Such a provision was never previously discussed or agreed to.  As such it has no place in the settlement documentation.

<u>CONCLUSION</u>

  On October 26th, the parties agreed to all of the essential terms of a full settlement of this case.  All that was necessary thereafter was for appropriate documentation with the usual and standard terms to be drafted and executed by the parties and for the defendants to pay the sum of $60,000 by November 26th.

  Settlement documents setting for the settlement terms agreed upon on October 26th and the usual and standard terms have been prepared and delivered to the defendants.  The defendants, however, have refused to execute those documents and have, instead, insisted upon substantial and material changes in the settlement terms.

  This effort by defendants to, in effect, renegotiate the settlement should not be tolerated.  The October 26th settlement is a binding agreement.

Defendants should be compelled to comply with that agreement. Defendants should also be required to pay the attorneys' fees incurred by the Reeces from and after October 26th, as well as interest on the settlement sum since its November 26th due date.

DATED: Honolulu, Hawaii, November 29, 2007.

>    /s/ Paul Maki
>    /s/ Mark D. Bernstein
>    Attorneys for Plaintiff Kanoe Reece and
>    Counterclaim Defendant Kim Taylor Reece