IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KANOE REECE, | ) | |
| | ) | Civ. No. 06-00489 JMS-BMK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | PERMANENT INJUNCTION AND |
| ISLAND TREASURES ART | ) | ORDER OF DISMISSAL WITH |
| GALLERY, INC., GAIL ALLEN, and | ) | PREJUDICE; EXHIBITS "A" - "C" |
| MARYLEE LEIALOHA COLUCCI, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KIM TAYLOR REECE, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| _____ | ) | |

PERMANENT INJUNCTION AND ORDER OF DISMISSAL
WITH PREJUDICE

Plaintiff Kanoe Reece ("Plaintiff") has alleged copyright infringement by defendants Island Treasures Art Gallery, Inc., Gail Allen, and Marylee Leialoha Colucci (collectively, "Defendants") on the ground that Ms. Colucci's stained glass piece, "Nohe," a copy of which is attached as Exhibit B, infringes on Mr. Reece's photograph, "Makanani," a copy of which is attached as

1

Exhibit C.  In turn, Ms. Colucci alleged defamation by counterclaim defendant Kim Taylor Reece ("Counterclaim Defendant").  All of the parties to this dispute have entered into a settlement agreement, attached as Exhibit A, which will fully resolve this case.

Defendants acknowledge that Plaintiff owns the work "Makanani," and further acknowledge that Plaintiff has a valid copyright of the work under the copyright laws of the United States.  Defendants also acknowledge, without admitting any liability, that Plaintiff claims Defendants have infringed that copyright by creating and offering for sale Ms. Colucci's work, "Nohe."

Accordingly, the Court hereby ORDERS that Defendants are permanently enjoined from making any copies of, or otherwise infringing the copyrights of, or making works substantially similar to "Makanani" or any other copyrighted work of Plaintiff or of Kim Taylor Reece.

The Court also ORDERS that "Nohe" be removed from Island Treasures Art Gallery, that Ms. Colucci retain ownership, possession, and control of "Nohe," and that she may display "Nohe" in her home or in another setting, as long as the nature or purpose of any such display is not commercial.

The Court further ORDERS that Ms. Colucci is permanently enjoined from transferring ownership of "Nohe," either in whole or in part, except that she

may bequeath the work to her heirs upon her demise, with such heir or heirs taking the work subject to the restrictions mentioned above.

Finally, the Court ORDERS that, pursuant to the settlement agreement attached as Exhibit A, all claims and counterclaims in this action are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 20, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Reece v. Island Treasures Art Gallery, Inc.*; Civ. No. 06-00489 JMS-BMK; Permanent Injunction and Order of Dismissal With Prejudice.